Emeline C. Acton County Attorney Hillsborough County
QUESTION:
May a county commissioner, who is physically unable to attend a commission meeting because of her medical treatment but who is mentally able to vote, participate and vote in commission meetings by using an interactive video and telephone system whereby the commissioner will be able to see the other members of the board and the audience and the board and the audience will be able to see her?
SUMMARY:
A county commissioner, who is physically unable to attend a commission meeting because of her medical treatment, may participate and vote in commission meetings by using an inter-active video and telephone system whereby the commissioner will be able to see the other members of the board and the audience and the board and audience will be able to see her.
The ability to provide full access to meetings by means of communications media technology has dramatically improved in recent years. The use of such technology to conduct meetings, once considered to be experimental and controversial, is now commonplace. State agencies are required to adopt rules establishing procedures for conducting meetings, hearings, and workshops by means of this technology[1] and many now conduct such meetings utilizing the current technology.
Section 125.001, F.S., provides that regular and special meetings of the board of county commissioners may be held at any appropriate public place in the county.[2] Based upon the information provided to this office, it appears that, with the exception of the one commissioner, members of the county commission will meet in a public place within the county. Thus, with a quorum of the members of the county commission meeting in a public place in the county, the requirements of the statute would appear to be satisfied.
Moreover, the interactive video and telephone system will allow extensive participation by the commissioner in the proceedings of the county commission. You have advised this office that not only will the commissioner be able to see and hear the other members of the board and the audience, but the board and the audience will be able to see and hear her. Thus, interaction with the members of the commission will be possible as will participation in discussions with the public.
This office has previously stated that it is not a violation of the Government in the Sunshine Law for a hospitalized commissioner to vote by telephone during a televised meeting of the city commission.[3] Similarly, the provisions of the Sunshine Law would appear to be satisfied under the circumstances described in your letter.
Therefore, I am of the opinion that the county commissioner, who is physically unable to attend a commission meeting because of her medical treatment, may participate and vote in commission meetings held in a public place in the county and attended by other commission members constituting a legal quorum of the commission, through the use of an interactive video and telephone system which permits the commissioner to see the other members of the board and the audience. Any action taken by the commissioner would be presumptively valid until and unless declared otherwise by a court of competent jurisdiction in an appropriate legal proceeding.
RAB/tjw
[1] Section 120.53(6), F.S.
[2] And see, Motes v. Putnam County, 196 So. 465 (Fla. 1940), stating that under constitutional provision that county officers hold their offices and keep their official records at the county seats and under applicable statutes, it was intended that official meetings for the transaction of business by boards of county commissioners be publicly conducted at a known place in the county seat.
[3] Inf. Op. to Byran W. Henry, July 26, 1982.